# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALTON CROMARTIE, | : | Case No. 2:23-cv-01802 |
| Plaintiff, | : | |
| | : | Judge James L. Graham |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil rights case is before the Court on Defendants' Motion for Judgment on the Pleadings Respecting Plaintiff's ADA Claim. ("Motion for Judgment," Doc. No. 24.) Plaintiff filed a response in opposition to the Motion (Doc. No. 25) and Defendants filed a reply brief (Doc No. 26). For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion for Judgment.

## I.     STATEMENT OF FACTS

Plaintiff Alton Cromartie is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). (Second Amended Complaint, Doc. No. 21 [hereinafter "SAC"], ¶¶ 1, 10-11.) The three Defendants named in the Second Amended Complaint are the ODRC; Dr. Andrew Eddy, Medical Director of the ODRC; and Dr. Arthur Hale, Chief Medical Officer of Pickaway Correctional Institution where Mr.

Cromartie is housed. (SAC, ¶¶ 1, 11-13.) Dr. Eddy and Dr. Hale are sued in their individual capacities. (*Id.*, ¶¶ 12-13.)

Among other health issues, Plaintiff "has severe gastroparesis which has required him to receive nutrition via a jejunum feeding tube since August 2021." (SAC, ¶¶ 2, 15.) He alleges that in December 2022, Dr. Hale and Dr. Eddy "discontinued Mr. Cromartie's jejunum feeding tube nutrition despite Mr. Cromartie's inability to sustain himself via other means," and "deliberately starved Mr. Cromartie for a sustained period of time." (*Id.*, ¶ 3.) Plaintiff also asserts that he "was excluded from participation in [ODRC's] services including nutrition and medical care by reason of his disability." (*Id.*, ¶ 40.)

With the assistance of counsel, Plaintiff asserts two claims in the Second Amended Complaint. (Doc. No. 21 at PageID 201.) First, he asserts that Dr. Eddy and Dr. Hale were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution, which is enforceable under 42 U.S.C. § 1983. (SAC, ¶¶ 8, 39.) Second, Plaintiff asserts a disability discrimination claim against the ODRC under Title II of the Americans with Disabilities Act of 1990, or the ADA, 42 U.S.C. §§ 12131-12134. (SAC, ¶¶ 8, 40.) <u>Defendants' Motion for Judgment is directed to this second claim only.</u> (Doc. No. 24.)

## II. THE PARTIES' ARGUMENTS

Defendants argue that Plaintiff's ADA claim is not cognizable as a matter of law because it alleges "nothing more than inadequate medical treatment." (Doc. No. 24 at PageID 215, 218.) Defendants cite cases that have generally held that inadequate medical

2

care claims are not viable under the ADA. (*Id.* at PageID 217-218.) *See, e.g., Watson v. Mohr*, No. 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) ("Plaintiff fails to meet the pleading requirement, in part at least, because his ADA claim is merely an Eighth Amendment deliberate indifference claim in another statutory guise. Neither medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA."), *report and recommendation adopted*, 2018 WL 836484 (S.D. Ohio Feb. 13, 2018); *Powell v. Columbus Medical Enterprises, LLC*, No. 21-3351, 2021 WL 8053886, at *2 (6th Cir. Dec. 13, 2021) ("This dissatisfaction [with medical care] necessarily sounds in medical malpractice, which, 'by itself, does not state a claim under the ADA.'") (internal citation omitted).[1]

In response, Plaintiff argues that Defendants have misconstrued his allegations and oversimplified the issue. (Doc. No. 25 at PageID 220.) He acknowledges that an ADA claim "cannot simply be [for] inadequate medical care" (*id.* at PageID 222), and explains that his allegation is that the "ODRC violated Article II of the ADA by failing to provide him with food," not medical care:

> To be clear – he is alleging that ODRC failed to comply with the ADA by refusing to provide him with the tube feeds per the orders of OSU-specialist doctors, by restricting his right to purchase food at commissary to sustain himself, and by not providing him with any diet order in order to access the chow hall in the absence of his tube feed order. [SAC] at PageID198 ¶ 20, PageID 199 ¶ 21, ¶ 22. In short, Defendants knowingly starved him for 16 days. ODRC knew or should have known that his rights would be violated

---

[1] Defendants do not dispute that Mr. Cromartie is a "qualified individual with a disability" under Title II of the ADA, or that the ODRC is a "public entity." *See* 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").

3

> based on the orders of its employees Drs. Eddy and Hale. Mr. Cromartie resorted to digging through garbage to sustain himself because he had no other access to food. *Id* at PageID199 ¶ 27. Mr. Cromartie's ADA claim does not suggest that the failure to provide nutrition to incarcerated individuals amounts to a failure to provide medical care – he alleges that he was excluded from being provided food because of his gastroparesis condition.

(Doc. No. 25 at 223-224.)

In their reply brief, Defendants do not directly address Plaintiff's assertion that his ADA claim concerns food and nutrition, rather than medical care. They instead emphasize the general rule that medical care claims cannot proceed under the ADA. (Doc. No. 26 at PageID 229-230.) Defendants also raise new arguments. They argue that Dr. Eddy and Dr. Hale are not appropriate defendants in an ADA claim when sued in their individual capacities.[2] (Doc. No. 26 at PageID 228.) They argue that "since the [Second Amended] Complaint fails to identify the capacity by which Defendant ODRC is being sued . . . any ADA claim against the state agency, too, should be dismissed." (*Id*. at PageID 228-229 (internal record citation omitted).) Finally, they argue that the SAC does not plead or prove a sufficient causal relationship between Plaintiff's gastroparesis condition and the allegedly discriminatory conduct. (*Id*. at PageID 229-230.) In sum, Defendants appear to argue that there was no discrimination because the "handicapping condition is related to the condition(s) to be treated." (Doc. No. 26 at PageID 230-231.)

---

[2] Defendants Eddy and Hale are not, however, named as Defendants to the ADA claim. Instead, ODRC is the sole Defendant to Count II. (Doc. No. 21 at PageID 201.)

4

### III. STANDARD OF REVIEW

Defendants filed their Motion for Judgment under Fed. R. Civ. P. 12(c). (Doc. No. 14 at PageID 214-215.) A motion under this Rule "generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). These motions test a complaint's legal sufficiency, not the truth of the allegations in it.[3] *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, Rules 12(b)(6) and 12(c) permit dismissal of a complaint that fails to state a claim on which relief can be granted.

To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In making this determination, the court must construe the complaint in the light most favorable to the plaintiff, must accept all well-pleaded material allegation in the complaint as true, and should only grant the motion "if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581

---

[3] The parties have not submitted any outside evidence concerning the merits of the claims with their briefing. (*See* Doc. Nos. 24-26.) If they had done so, such evidence would be excluded. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).

5

(6th Cir. 2007) (internal quotation omitted); *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 467 (6th Cir. 2017).

## IV. ANALYSIS

Because Plaintiff's Second Amended Complaint survives dismissal under Rule 12(c), the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Defendants' Motion for Judgment.

As an initial matter, the Court should decline to address Defendants' arguments regarding capacity[4] and causation[5] that were asserted for the first time in their reply brief (Doc. No. 26). "It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577-78 (E.D. Tenn. 2012) (quoting *Cooper v. Shelby Cnty.*, No. 07-2283, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. 2010) (collecting Sixth Circuit and district court cases

---

[4] If the District Judge decides to reach these arguments, then he should conclude that they lack merit. As noted earlier, the ADA claim is not asserted against Dr. Hale or Dr. Eddy. Further, the ODRC appears to be an appropriate defendant. *See Mitchell v. Horton*, No. 2:18-cv-216, 2019 WL 1025562, at *5 (W.D. Mich. Mar. 4, 2019) (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002)) ("The proper defendant under a Title II claim is the public entity or an official acting in his official capacity.") (emphasis added). Defendants' argument that the ODRC should be dismissed because Plaintiff did not specify the "capacity" in which it is sued fails because the distinction between individual capacity and official capacity suits applies only to individuals. *See generally Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Moreover, a failure to designate capacity simply results in a finding that a defendant is sued in his or her official capacity. *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) ("Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities.").

[5] Defendants' argument that Plaintiff has not proven causation or a discriminatory animus is premature. Defendants' argument that there can be no discrimination where "the handicapping condition is related" to needed medical treatment would appear to prevent all persons with a disability from asserting an ADA claim if they also need medical care. Defendants cite no authority for this remarkable proposition.

6

discussing this principle)). Accordingly, Defendants' new arguments concerning capacity and causation need not be resolved here.

With respect to the argument that Defendants did assert in their Motion for Judgment (Doc. No. 24 at PageID 216-218), Plaintiff has satisfactorily explained why his ADA claim is not a disguised medical malpractice or deliberate indifference claim. *See Centaurs v. Haslam*, No. 14-5348, 2014 WL 12972238, at *1 (6th Cir. Oct. 2, 2014) (concluding that district court properly dismissed an ADA claim where a prisoner "alleged that he was being denied medical treatment in violation of the ADA but did not allege that he was denied treatment because of his disability."). Specifically, Plaintiff alleges that he "was excluded from participation in DRC's services including nutrition and medical care by reason of his disability." (SAC, ¶ 40.) The distinction Plaintiff makes between being denied *nutrition* and being denied *medical care* is persuasive at this early stage of the litigation. The undersigned is not convinced that Plaintiff's ADA claim fails to state a claim on which relief may be granted and that the ODRC is entitled to judgment as a matter of law.

### V. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Defendants' Motion for Judgment on the Pleadings Respecting Plaintiff's ADA Claim. (Doc. No. 24.)

**IT IS SO RECOMMENDED.**

                                                        */s/ Caroline H. Gentry*
                                                        Caroline H. Gentry
                                                        United States Magistrate Judge

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).